REBECCA D. TOLMAN, RESPONDENT, *v.* JULIA A. KING, APPELLANT, IMPLEADED WITH JOHN H. IRELAND AND BENJAMIN W. BAUM.

*Evidence — when the belief of a witness is inadmissible.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought to foreclose a mortgage made by one John H. Ireland to Benjamin W. Baum for the sum of $2,000, given to secure a balance of the purchase-money unpaid on a conveyance from Baum to Ireland of a parcel of land in Syracuse, and now held by the plaintiff by virtue of certain *mesne* assignments. This mortgage was dated the 23d day of August, 1866, and recorded in the Onondaga county clerk's office on the 12th day of March, 1868. About the 19th of November, 1867, Ireland also exe-

cuted for a valuable consideration another mortgage upon the same property to the defendant Julia A. King, to secure the payment of $1,000, which last was recorded in the office of the clerk of Onondaga county November 25, 1867. This mortgage was given upon a loan of the money thereby secured from Julia A. King to the mortgagor, Ireland. The complaint charges that before the execution of the mortgage to King, Ireland gave her full notice of the mortgage to Baum, and that she knew of the existence thereof at the time when she took the second mortgage and paid the consideration. This is denied by the defendant King, who claims that she had no knowledge or information of the first mortgage at the time she took the second, and claims that she made the loan through one Ostrander as her agent, who was furnished with a partial search, and who went to the clerk's office and continued the search down, and finding no prior incumbrances she thereupon made the loan and advanced the consideration, and she puts herself on the provisions of the recording act, claiming priority for her mortgage over that given to Baum.

Upon the trial, Ireland was called as a witness for the plaintiff, and testified as to a conversation had with Ostrander when the second mortgage was taken: "I cannot remember whether Mr. Ostrander during that negotiation asked me whether there were any liens on the property; I don't remember the conversation with him as to whether there was any prior mortgage on the property; I think there must have been a conversation between us as to whether there was any prior mortgage upon the property, but I don't recollect that there was such a conversation, or what it was if there was one."

The plaintiff's counsel propounded to the witness the following question: "What is your belief about having told Ostrander of the prior mortgage?"

This was objected to as incompetent. The objection was overruled by the referee, and the defendant excepted. The witness answered: "I believe if he asked me the question I told him the fact about it; there is no doubt in my mind but what Mr. Ostrander asked me if there was any incumbrance on the property; if he asked me about it I told him the truth; I knew that this mortgage was on the property; I did not know of any other incumbrance;

if I told him of any incumbrance I told him of this one; there was no other; I don't remember talking with him once, but I have no doubt that I did; I have no doubt that I talked with him more than once; I may have talked with him once, half a dozen times, or twenty times; I don't think my memory is remarkably good; I would not be likely to remember the details of a conversation for a number of years; I would be more likely to remember the substance of a conversation than the words; about all I recollect is, that I got a loan from Mr. Ostrander; I don't remember the conversation; I simply remember getting the loan and the amount of it; I don't know where the papers were drawn."

Being cross-examined, the witness said : " When I say I have no doubt that Mr. Ostrander asked me about the prior incumbrances, I speak as a business man, and not from any recollection; I think such a question probable."

The court at General Term said : " The difficulty with the evidence is, that it expresses only the present belief of Ireland; not from any, even the faintest recollection of the fact, but from his conclusions by a process of reasoning ' as a business man,' that probably Ostrander asked him whether there was any prior incumbrance on the property, and if so he must have told him the truth about it. The counsel for the plaintiff cites two recent cases in the Court of Appeals as authority for the proposition that the witness' belief may be asked. The first is that of *King* v. *The N. Y. C., etc., R. R. Co.* (72 N. Y., 608), in which case it was held that a witness might express his belief as to the identity of a piece of iron; the court saying that upon a question of identity a witness may testify to his opinion or belief. And the other is the case of *Blake* v. *The People* (73 N. Y., 586), where, on the trial of an indictment for murder, a witness for the people was asked on cross-examination if he would swear that the deceased was not choking the prisoners. He answered : " I would not swear it, but I don't think he was." The last part of the answer the prisoners' counsel moved to strike out, which motion was denied. This refusal was held no error; that it was competent for the witness to testify to an impression or belief on the subject," citing several authorities, of which an analysis will not be undertaken at this time. In the report of the case of *Blake* v. *The People* (*supra*), it is stated that the

evidence was elicited on a cross-examination of the witness, and on a cross-examination many things are permitted to be asked by way of "proving the mind of a witness, and testing his capacity and consistency," which would not be allowable on a direct examination. The plaintiff's counsel claims that his examination of Ireland was in the nature of a cross-examination. That is true so far as he was allowed to put leading questions to the witness; but evidence, whether on cross or direct examination, in order to establish a vital and substantive fact, must be direct and positive, and tend to establish the fact in question.

The general rule is laid down in Best on Evidence, 511: "The use of witnesses being to inform the tribunal respecting facts, their opinions are not in general receivable in evidence. * * * It is no satisfaction for a witness to say that he *thinks* or persuadeth himself. First, because the judge is to give an absolute sentence, and for this ought to have a more sure ground than thinking; secondly, the witness cannot be sued for perjury." The subject is treated with marked ability and discrimination in a note to the case of *People ex rel Norton* v. *New York Hospital* (3d Abbott's New Cases, 234), where it is said: 'Belief or inference, such as the mind forms by its own secondary processes — this the law recognizes as uncertain —' not only easily simulated by a dishonest witness, and difficult if not impossible to be tested, but fluctuating and reversible in the mind of an honest witness by process of reflection, without new knowledge. * * * The law excludes all testimony of this class, with two exceptions: 1. Belief, or inference, may be competent where the intent of the same person is material. * * * 2. In some cases the belief or impression produced on a witness' mind, at the time of the occurrences to which he speaks, is admitted as giving the necessary and proper color to his testimony to the occurrence as circumstantial evidence. * * * But in both these exceptional classes of cases it is never the present belief of the witness that is received; it is the belief concurrently existing with the incident of which he speaks, or then instantly produced in his mind, and so connected with the incident as to form, so to speak, the mental part of the *res gestæ*. * * * The distinction between 'impression' or uncertain recollection of facts and belief or inference, is one of *kind*, not of *degree*. The former is faint or partly obliterated

memory, and is competent; the latter is a secondary mental impression by deduction, and is not competent (unless in the cases stated above), however distinct and positive.'

'The present belief of a witness, sometimes inquirable into on cross-examination, is heard, not because it has any competency on the issue, but, if at all, because it is a proper mode of probing the mind of the witness and testing his capacity and consistency.'

'In the case at bar the onus was upon the plaintiff to prove a want of good faith in the holder of the second mortgage, not only because that was the gravamen of the plaintiff's complaints, but because good faith is always to be presumed in favor of a purchaser for a valuable consideration until the contrary appears by clear and explicit evidence, especially in a case where it is attempted to break in upon the plain provisions of the recording act; and we cannot see in the case any evidence upon which the referee was justified in coming to the conclusion that the defendant King was not a mortgagee in good faith, without any information of the existence of the prior mortgage from Ireland or from any other source.'"

*Cowles & Wright*, for the appellants.

*C. B. Sedgwick*, for the respondent.

Opinion by TALCOTT, P. J.

Present — TALCOTT, P. J., SMITH and HARDIN, J. J.

Judgment reversed and new trial ordered before another referee, costs to abide event.